IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY KANE, <br>       Plaintiff, <br><br> v. <br><br> SHAWN BARGER, in his Individual Capacity as a Police Officer for the Borough of Coraopolis, <br>       Defendant. | CIVIL DIVISION <br><br> No.: 2:15-CV-00846-MRH <br><br> *ELECTRONICALLY FILED* <br><br> JURY TRIAL DEMANDED |

## JOINT PROPOSED SCHEDULING ORDER
## AND ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

After due consideration of the issues and in consultation with the parties at a Status Conference on October 2, 2018, the Court finds that this case is appropriate for referral back to an alternative form of dispute resolution as provided by local rules of court. The parties have chosen to return to mediation to be conducted by Harry M. Paras, Esquire. In the event that the case is not resolved upon mediation, then the parties have agreed to the following scheduling deadlines. **THEREFORE, IT IS HEREBY ORDERED:**

(a) <u>Referral to ADR</u>: This is case is referred to: Mediation. Harry M. Paras is appointed to serve as the Mediator. Compensation of the neutral will be as follows: 50% by Plaintiff and 50% by Defendant. Compensation shall be paid directly to the neutral upon the conclusion of the ADR process. Failure to pay the neutral shall be brought to the attention of the Court.

(b) <u>Conduct of ADR Conference</u>: The ADR Conference shall be conducted in accordance with Local Rule 16.2 and that the Court's ADR Policies and Procedures.

(c) <u>Schedule for ADR Conference</u>: The ADR Conference shall be concluded on or before December 20, 2018, unless extended by Order of the Court. The ADR Conference may be conducted at any location agreed to by the parties, counsel, and the assigned neutral.

(d) Following the ADR Conference/Mediation, Harry M. Paras, Esquire shall submit a Report of Mediation to the Court utilizing the electronic case filing system (ECF) to advise whether the case has been resolved. If the case has not been resolved, the following scheduling deadlines shall apply:

## **SCHEDULING ORDER:**

(a) <u>Remaining Fact Discovery</u>: The Defendant shall serve any Interrogatories and Requests for Production of records related to any type of treatment received by the Plaintiff within 30 days of the filing of the Report of Mediation.

(b) The Plaintiff shall respond to any Interrogatories and/or Requests for Production of records within 60 days of the filing of the Report of Mediation.

(c) The Plaintiff's expert reports shall be produced within 90 days of the filing of the Report of Mediation.

(d) The Defendant's expert reports shall be produced within 120 days of the filing of the Report of Mediation.

(e) All expert depositions shall be completed within 150 days of the filing of the report of mediation.

(f) At the conclusion of expert discovery, the Court shall set a date for a Post-Discovery Status Conference at which time a presumptive trial date will be set, along with deadlines for the filing of pretrial motions.

It is further hereby ordered that the filing of the instant Joint Proposed Scheduling Order shall not act as a waiver of the Defendant's right to file a Petition for Writ of Certiorari with the United States Supreme Court.

By:_____
Honorable Mark R. Hornak
United States District Judge

Approved by:

By:___/s/ Noah Geary, Esquire_____
Noah Geary, Esquire
PA ID No. 78382
Suite 600
The Mitchell Building
304 Ross Street
Pittsburgh, PA 15219

By:___/s/ Mark R. Lane, Esquire_____
Mark R. Lane, Esquire
Dell, Moser, Lane & Loughney, LLC
PA ID No. 61923
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA 15219